FILED

2012 JUL 27  AM 7: 55

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY CAL_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR. [CDC No. J-73373],<br><br>                                        Petitioner,<br><br>                vs.<br><br>GEORGE E. NEOTTI, Warden,<br><br>                                        Respondent. | CASE NO. 11cv1639-WQH(KSC)<br><br><br>REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. No. 7] |

        Petitioner Ruben Dario Garcia, Jr., a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to Title 28, U.S.C., Section 2254, on July 19, 2011. [Doc. No. 1] On due process grounds, the Petition challenges the constitutionality of a prison disciplinary hearing. On October 25, 2011, respondent filed a Motion to Dismiss the Petition, along with points and authorities, and Lodgment Nos. 1 through 8. [Doc. Nos. 7 and 8.] In the Motion to Dismiss, respondent contends all of the claims raised in the Petition should be dismissed for failure to state a cognizable claim for habeas corpus review.  Petitioner opposed the Motion on November 16, 2011. [Doc. No. 9.]

        This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.  Based on the moving and opposing papers, and for the reasons outlined below, this Court recommends that respondent's Motion to Dismiss be GRANTED in part and DENIED in part.

***Procedural History***

In 1995, petitioner was convicted of first degree murder, attempted voluntary manslaughter, kidnaping, attempted kidnaping, forcible rape, and two counts of assault. He is serving a sentence in state prison of seven and one-half years plus life without the possibility of parole. (Lodgment No. 1, Abstract of Judgment.)

On October 26, 2009, petitioner was charged with violating the California Code of Regulations,[1] because he was seen by a correctional officer wearing state-issued pants with "manufactured pockets." [Lodgment No. 2.] On November 10, 2009, petitioner was found guilty of the charge. As a result, he was assessed with the following: (1) a forfeiture of 30 days of work time credit; and (2) a fine of $15.55 for the replacement of the damaged pants. *Id.* Petitioner administratively appealed the decision through the director's level. [Ex. 5 to Pet'n.] He then filed petitions for writ of habeas corpus at all three levels of the California courts arguing his right to due process was violated in the prison disciplinary process. [Lodgment Nos. 3-8.] All of these state habeas petitions were denied. *Id.* A petition for writ of habeas corpus was then filed in this Court on July 19, 2011. The federal habeas petition raises the same due process claims arising from the disciplinary finding on October 26, 2009.

***Discussion***

***Motion to Dismiss Standards***

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

---

[1] Section 3011 of the California Code of Regulations states that:  Inmates shall not intentionally destroy, damage, or deface, state property or another person's property. To do so shall be cause for disciplinary action and the inmate may be charged for the cost of repair or replacement, including materials. Intentional destruction of property may result in a credit loss . . . ." Cal. Code Regs. Tit. 15, § 3011. Section 3032(a) states in pertinent part as follows: "Inmates shall not alter or dispose of damaged or worn out personal or state-issued clothing or linen in any manner without specific authority to do so." Cal. Code Regs. Tit. 15, § 3032(a). Section 3323(h)(4) provides for credit forfeiture of 0 to 30 days for "[m]isuse, alteration, unauthorized acquisition, or exchange of personal property, state funds, or state property." Cal. Code Regs. Tit. 15, § 3323(h)(4).

1  Rule 4, Rules Governing Section 2254 Cases.  The Court may dismiss a petition for writ of habeas

2  corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

3  an answer to the petition has been filed.  Rule 8, Rules Governing Section 2254 Cases, advisory

4  committee's note. Rule 12 of the Rules Governing 2254 Cases states that: "The Federal Rules of Civil

5  Procedure . . . may be applied to a proceeding under these rules." Rule 12, Rules Governing Section

6  2254 Cases.

7  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency

8  of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because Rule 12(b)(6) focuses on

9  the "sufficiency" of a claim rather its substantive merits, "a court may [typically] look only at the face

10  of the [pleading] to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d

11  977, 980 (9th Cir. 2002). "Generally, a court may not consider material beyond the [pleading] in ruling

12  on a Fed.R.Civ.P. 12(b)(6) motion." *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197

13  n. 1 (9th Cir. 1998). Any "new" allegations that may be raised in a plaintiff's opposition to a motion to

14  dismiss are irrelevant for purposes of ruling on a motion pursuant to Rule 12(b)(6). *Id.*

15  A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim

16  to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Where a

17  plaintiff appears in pro se in a civil rights case, the court must construe the pleadings liberally and afford

18  the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623

19  (9th Cir.1988). In giving liberal interpretation to a pro se civil rights pleading, courts may not "supply

20  essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*,

21  673 F.2d 266, 268 (9th Cir.1982). "Vague and conclusory allegations of official participation in civil

22  rights violations are not sufficient to withstand a motion to dismiss." *Id.*  "The plaintiff must allege with

23  at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's

24  claim." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir.1984).

25  ### *Habeas Corpus Jurisdiction*

26  In the Motion to Dismiss, respondent argues petitioner's claims are not cognizable on federal

27  habeas review, because the allegations in the Petition do not attack the legality or duration of his

28  sentence. In support of this argument, respondent cites the state court Abstract of Judgment showing

1    petitioner was sentenced in state court on July 20, 1995 to serve a term of seven and one-half years plus

2    life without the possibility of parole. [Lodgment No. 1.] In his Opposition to respondent's Motion,

3    petitioner concedes this is the sentence he is serving.[2] Because the record indicates petitioner is serving

4    a life sentence without the possibility of parole, respondent argues the Petition should be dismissed,

5    because there is nothing to indicate success on the merits of the Petition could have any impact on the

6    legality or duration of petitioner's sentence or his eligibility for parole. In other words, petitioner would

7    still be serving a sentence of life without the possibility of parole even if he succeeded on his Petition

8    and had his work time credits restored.

9         "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition

10   for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. §

11   1979, as amended 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). A petition for

12   writ of habeas corpus is the "exclusive remedy" when a state prisoner challenges the fact or duration of

13   confinement and seeks an immediate or speedier release from that confinement, even if the claim also

14   falls within "the literal terms" of section 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 488-500. "[H]abeas

15   jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will

16   not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

17        Based on the foregoing, this Court agrees with respondent that there is nothing in the Petition

18   or the record to establish federal habeas jurisdiction. As respondent contends, the record indicates there

19   could be no impact on the legality or duration of petitioner's sentence of life without the possibility of

20   parole even if he is able to prevail on the merits of his Petition. In reaching this conclusion, this Court

21   rejects petitioner's argument that federal habeas jurisdiction could be established, because it is possible

22   for the Governor to commute his sentence to life with parole, so the disciplinary findings could have an

23   impact on the duration of his confinement. Under current case law, some speculative impact of the

24   disciplinary proceedings on any future parole considerations is not enough to justify habeas corpus relief.

25

26      [2]    "A court may take judicial notice of 'matters of public record' without converting a
     motion to dismiss into a motion for summary judgment,' as long as the facts noticed are not 'subject to
     reasonable dispute.' [Citation.]" *Intri-Plex Technologies, Inc. v. Crest Group, Inc.* 499 F.3d 1048, 1052

27   (9th Cir. 2007). In addition, Rule 201 of the Federal Rules of Evidence states that: "The court may
     judicially notice a fact that is not subject to reasonable dispute. . . ." Fed.R.Evid. 201(b). Therefore, in

28   considering respondent's Motion to Dismiss, this Court can take judicial notice of the Abstract of
     Judgment which shows the sentence petitioner is currently serving in state prison.

1    In *Ramirez*, 334 F.3d at 858, the Ninth Circuit clarified that habeas corpus jurisdiction is not always

2    available to obtain expungement of a prison disciplinary record. "Instead, a writ of habeas corpus is

3    proper only where expungement is '*likely* to accelerate the prisoner's eligibility for parole.'" *Id.*

4    In *Ramirez*, 334 F.3d at 853, for example, the prisoner was found guilty of battery with serious

5    bodily injury on another inmate and sentenced to ten days of disciplinary detention.  He also lost

6    privileges for sixty days and was referred to administrative segregation for twenty-four months.  *Id.*  The

7    prisoner did not claim he lost conduct credits which, if restored, could accelerate his release on parole.

8    The Ninth Circuit concluded the prisoner's challenge to the disciplinary action was cognizable under

9    section 1983, but federal habeas review was not available under the circumstances.  According to the

10   Ninth Circuit, there was nothing to indicate success on the merits would shorten the length of the

11   prisoner's confinement.  Nor was there anything to indicate success on the merits would necessarily

12   advance the prisoner's parole date, because the parole board would still have the authority to deny parole

13   on other grounds.  *Id.* at 858-859.

14   Based on *Ramirez*, 334 F.3d at 853-859, petitioner could not state a cognizable claim for federal

15   habeas review by amending his Petition to allege there is some possibility the Governor could commute

16   his sentence to one with the possibility of parole.  First, petitioner would merely be speculating as to the

17   likelihood the Governor would modify his sentence to allow for the possibility of parole.  Second,

18   petitioner would also be speculating that expungement of the disciplinary conviction would advance his

19   parole date.  Such a modification to petitioner's sentence would only allow for the "possibility" of

20   parole.  As a result, expungement of the disciplinary conviction would not necessarily advance

21   petitioner's parole date, because parole could still be denied for any number of reasons.  Therefore, based

22   on the record before us, federal habeas jurisdiction is not established by the allegations in the Petition,

23   and the Abstract of Judgment submitted by respondent indicates jurisdiction is absent under the

24   circumstances.  As a result, it appears that petitioner's claims should be raised, if at all, under section

25   1983.[3]  However, for the reasons outlined below, petitioner has also failed to allege a cognizable claim

26   / / /

27

28   _____

[3]      State prisoners who file civil rights actions under 42 U.S.C. § 1983 must meet certain
procedural requirements, including the payment of a filing fee.  28 U.S.C. § 1915.

1    for relief under section 1983, because the facts alleged in the Petition are not enough to state a claim

2    for a violation of his federal constitutional rights.

3                    ***Summary of the Allegations in the Petition***

4          Petitioner claims in Ground One of his Petition that he was falsely charged with altering state

5    clothing and then did not receive a fair and impartial disciplinary hearing on the charge. During the

6    disciplinary hearing, petitioner contends he complained that the hearing officer could not act as the fact

7    finder on the charge. Although it is unclear from the allegations in the Petition, it appears that petitioner

8    believes the hearing officer could not be fair and impartial because of his involvement in prior

9    grievances or disciplinary actions in which petitioner was a party. In addition, petitioner alleges in

10   Ground One that he was falsely charged with altering state clothing in retaliation for grievances he

11   previously pursued against staff members. He further alleges that staff members acted in concert to

12   prosecute him on this "false charge." [Pet'n, Ground One, pp. 6-6c.]

13         Petitioner also claims in Ground One of the Petition that the hearing officer arbitrarily and

14   inappropriately treated the charge as a "serious rule violation" and imposed a forfeiture of 30 days of

15   work time credit against him. According to petitioner, the applicable rules state destruction of property

16   can only be considered a serious rule violation if the property is valued at $50 or more, and the charging

17   document clearly stated the value of the altered pants was only $15.55. [Pet'n, Ground One, pp. 6-6c.]

18         Ground Two of the Petition challenges the sufficiency of the evidence to support the finding that

19   petitioner altered state clothing. Petitioner does not deny that he was wearing state-issued pants with

20   manufactured pockets. Instead, he argues there is insufficient evidence to support the charge, because

21   the witness only stated he observed petitioner "wearing" state-issued pants with manufactured pockets

22   and did not allege or show by a preponderance of the evidence that petitioner was the one who actually

23   altered the pants. [Pet'n, Ground Two, pp. 7-7a]

24         Ground Three of the Petition repeats that the decision to impose a forfeiture of 30 days of work

25   time credits and a fine of $15.55 was arbitrary and unlawful. According to petitioner, the destruction

26   of property can only be considered a serious rule violation under the California Code of Regulations and

27   result in the forfeiture of work time credits if the property is valued at $50 or more. In his case, the

28   charging document states the value of the altered pants was only $15.55. [Pet'n, Ground Three, at p. 8.]

1   For the same reasons, petitioner further alleges in Ground Four of the Petition that the California courts

2   applied California law in an arbitrary and unlawful manner when they upheld the hearing officer's

3   decision. [Pet'n, Ground Four, at pp. 9-9b.]

4   ### *__Due Process__*

5     The Due Process Clause of the Fourteenth Amendment of the United States Constitution

6   provides that no state shall deprive a person of life, liberty, or property without due process of law. Due

7   process rights of prisoners in state institutions "may be diminished by the needs and exigencies of the

8   institutional environment." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). "Prison disciplinary

9   proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such

10  proceedings does not apply." *Id.* at 556. However, where inmates have a statutory right to credits

11  against their sentence for good behavior, the loss of such credits does affect a liberty interest protected

12  by the due process clause. *Id.* at 557. A prisoner has a liberty interest in good time credits, because "the

13  loss of such credits threatens his prospective freedom from confinement by extending the length of

14  imprisonment." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454. Under these

15  circumstances, the minimum requirements of procedural due process must be satisfied. *Wolff*, 418 U.S.

16  at 557. In petitioner's case, it is not clear whether he was entitled to the minimum requirements of due

17  process set forth in *Wolff*, because there is nothing to indicate his loss of 30 days of work time credits

18  had any affect on the length of his imprisonment.

19    If petitioner could establish a liberty interest in avoiding the loss of work time credits, he would

20  be entitled to the following minimum requirements of due process as set forth by the Supreme Court in

21  *Wolff*: (1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with

22  institutional safety and goals, to call witnesses and present documentary evidence to defend against the

23  charges, and (3) a written statement by the factfinders of the reasons for the disciplinary action, as well

24  as the evidence supporting the decision. *Wolff*, 418 U.S. at 564-567.

25    Assuming petitioner could establish a liberty interest in avoiding the loss of his work time

26  credits, his allegations are still not sufficient to state a viable due process claim. Petitioner has not

27  alleged facts to show he was denied any of the minimum requirements of due process that are necessary

28  under *Wolff*, 418 U.S. at 564-567. In fact, the Rules Violation Report lodged by respondent indicates

1  prison officials satisfied the due process standards set forth in *Wolff*. Petitioner was given advance

2  written notice of the charge, had an opportunity to be heard, and was provided with a written statement

3  detailing the reasons for the finding of guilt and the disciplinary actions taken. [Lodgment No. 2.]

4        The Supreme Court in *Wolff* also indicated the decision maker in a prison disciplinary proceeding

5  must be "sufficiently impartial" to satisfy the Due Process Clause. *Id.* at 571. Hearing officers are

6  entitled to a presumption of honesty and integrity. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). A

7  hearing officer is not biased simply because he presided over a prisoner's previous disciplinary

8  proceeding. *Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir. 2002). Hearing officers are not biased or

9  prejudiced "as a result of what they learned in earlier proceedings. It is long been regarded as normal

10 and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving

11 the same defendant." *Liteky v. United States*, 510 U.S. 540, 551 (1994). Unfavorable or adverse rulings

12 alone almost never constitute a valid basis for a finding of bias or impartiality. *Id.* at 555.

13       Here, the allegations in the Petition are ambiguous and appear to allege bias or impartiality based

14 solely on the hearing officer's involvement in prior grievances or disciplinary actions in which petitioner

15 was a party. Petitioner has not clearly alleged any viable facts supporting his claim. Therefore,

16 petitioner has failed to state facts that point to a real possibility of a constitutional error based on the

17 impartiality of the hearing officer.

18       Although the Supreme Court has recognized a protected liberty interest where statutory credits

19 against a sentence are involved, it has also held that a liberty interest protected by due process is not

20 implicated by all state actions taken against a state prisoner for punitive reasons. *Sandin v. Conner*, 515

21 U.S. 475, 484 (1995). The inmate in *Sandin* alleged a violation of his right to procedural due process

22 in connection with a disciplinary proceeding that resulted in a term of 30 days in a disciplinary

23 segregation unit. *Id.* at 476. The Supreme Court concluded there was no protected liberty interest in

24 avoiding the 30-day term in segregated confinement, because this did not "present a dramatic departure

25 from the basic conditions of [the prisoner's] sentence." *Id.* at 485. However, the Supreme Court

26 indicated prisoners may challenge state action related to the conditions of their confinement if the action

27 imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

28 life." *Id.* at 484. The segregated confinement imposed on the inmate in *Sandin* did not represent an

1  "atypical and significant hardship," because the conditions imposed "mirrored those conditions imposed

2  upon inmates in administrative segregation and protective custody." *Id.* at 486.

3       Here, petitioner's allegations are not sufficient to state a claim under *Sandin*, because he has not

4  alleged facts which could establish that the discipline imposed against him resulted in an "atypical and

5  significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484.  In fact, the

6  Petition is devoid of facts indicating how the conditions of petitioner's confinement were affected by

7  the loss of 30 days of work time credit.

8       "[R]evocation of good time does not comport with 'the minimum requirements of procedural

9  due process,' [citation omitted] unless the findings of the prison disciplinary board are supported by

10  some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985).

11  "Ascertaining whether this standard is satisfied does not require examination of the entire record,

12  independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant

13  question is whether there is any evidence in the record that could support the conclusion reached by the

14  disciplinary board. *Id.* at 455-456. The Supreme Court declined to adopt a more stringent standard in

15  the context of prison disciplinary proceedings, because "prison administrators must often act swiftly on

16  the basis of evidence that might be insufficient in less exigent circumstances." *Id.* at 456.

17       Here, petitioner contends there is insufficient evidence to support the charge, because the witness

18  only stated he observed petitioner "wearing" state-issued pants with manufactured pockets and did not

19  show petitioner was the one who actually altered the pants.  These allegations fail to state a claim,

20  because it is apparent that "some evidence" supported the charge.  Because the witness stated he saw

21  petitioner wearing the altered pants, the hearing officer could reasonably infer petitioner was indeed the

22  one who made the alterations.

23       In sum, the Petition does not allege facts which could establish that petitioner had a liberty

24  interest protected by the Due Process Clause of the federal Constitution.  Even if petitioner could

25  establish he had a protected liberty interest in avoiding forfeiture of his work time credits, he has not

26  alleged he was denied any of the minimum requirements of due process as set forth in *Wolff*, 418 U.S.

27  at 564-567.  Nor has he alleged facts which could establish that the hearing officer at his disciplinary

28  hearing was unable to conduct a fair and impartial hearing on the charge.  Petitioner's own allegations

1    indicate there was sufficient evidence to support the charge of altering state clothing.  There are also no

2    facts in the Petition to suggest the loss of 30 days of work time credit and/or the fine of $15.55 would

3    qualify as an "atypical and significant hardship" under *Sandin*, 515 U.S. at 486.   It is therefore

4    recommended that petitioner's due process claims be dismissed for failure to state a claim.

5    ***Retaliation***

6         Ground One of the Petition includes an allegation that petitioner believes he was falsely charged

7    with altering state clothing in retaliation for grievances he previously filed against staff members.  He

8    also alleges that staff members acted in concert to prosecute him on this "false charge." [Pet'n, Ground

9    One, pp. 6-6c.]

10         To state a viable claim of retaliation under the First Amendment, an inmate must allege  that a

11    state actor took some adverse action against the inmate because of the prisoner's protected conduct, that

12    such action chilled the inmate's exercise of his First Amendment rights, and that the action did not

13    reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–568 (9th Cir.

14    2005).  The plaintiff bears the burden of pleading and proving the absence of a legitimate correctional

15    goal. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir.1995).

16         Here, plaintiff's retaliation allegations are vague and conclusory, and do not plead one or more

17    of the elements required to state a tenable retaliation claim against any specific defendant.  In addition,

18    petitioner's retaliation claim is dependent on his allegation that he was falsely charged.  However,

19    petitioner does not deny he was wearing state-issued pants with manufactured pockets.  He merely

20    challenges the sufficiency of the evidence to indicate he was the one who altered the pants.  As noted

21    above, there is "some evidence" in the record to support the charge.  Therefore, the circumstances do

22    not suggest petitioner was "falsely" charged.  Nor do the circumstances suggest the action did not

23    reasonably advance a legitimate correctional goal.  As a result, it is also recommended that petitioner's

24    retaliation claim be dismissed for failure to state a claim.

25    ***Violations of State Law and Regulations***

26         The remaining allegations in Grounds One, Three, and Four of the Petition allege that prison

27    officials and the California courts did not follow California law or regulations.  According to petitioner,

28    destruction of property under "CCR Rules" can only be considered a serious rule violation and result

1  in the forfeiture of work time credits if the property is valued at $50 or more. In his case, the charging
2  document states the value of the altered pants was only $15.55. [Pet'n, Ground One, at pp. 6-6c; Ground
3  Three, at p. 8; Ground Four, at pp. 9-9b.]

4      Federal habeas relief is available only to state prisoners who are "in custody in violation of the
5  Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241, 2254. Absent an independent
6  federal constitutional violation, "it is not the province of a federal habeas court to re-examine state-court
7  determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A habeas petitioner
8  cannot "transform a state-law issue into a federal one merely by asserting a violation of due process."
9  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Federal courts generally accept a state court's
10  interpretation of state law. *Id.* Therefore, alleging a possible "'variance with the state law'" is not
11  enough to constitute a federal question on federal habeas review. *Little v. Crawford*, 449 F.3d 1075,
12  1083 n.6 (9th Cir. 2006) (internal quotations omitted). "We cannot treat a mere error of state law, if one
13  occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law
14  would come here as a federal constitutional question." *Id.*

15      In sum, petitioner's claim that prison officials and the California courts did not follow California
16  law or regulations does not state a cognizable claim for federal habeas review. The facts alleged are
17  insufficient to establish that a misapplication of state law somehow violated petitioner's federal
18  constitutional rights. It is therefore recommended that the District Court dismiss petitioner's claim that
19  prison officials and the California courts did not follow California law or regulations by imposing and
20  upholding a forfeiture of work time credits for the charge of altering state clothing.

21                                    ***Leave to Amend***

22      "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears
23  that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13,
24  14 (9th Cir.1971). Rule 15 states that: "The court should freely give leave when justice so requires."
25  Fed.R.Civ.P. 15(a)(2).

26      The record includes complete documentation of the disciplinary proceedings that are the subject
27  of petitioner's due process claims. The Rules Violation Report shows that petitioner was provided with
28  all of the minimum procedural requirements of due process under *Wolff*, 418 U.S. at 564-567, and that

the hearing officer's guilty finding was supported by "some evidence." As a result, there is nothing to indicate petitioner could amend his Petition to allege a tenable due process claim based on a procedural defect in the disciplinary proceeding or a lack of evidence to support the charge. There is also nothing to indicate petitioner could amend the Petition to state a tenable claim based on an error of state law. Therefore, it is recommended that these claims be dismissed without leave to amend.

Although highly improbable, it is possible petitioner could amend the Petition to establish habeas corpus jurisdiction based on facts indicating the disciplinary findings and loss of work time credits are likely to impact the duration of his confinement and to state a tenable due process claim based on bias or impartiality on the part of the hearing officer. It is also possible petitioner could add sufficient facts to state a tenable claim of retaliation. It is therefore recommended that these claims be dismissed with leave to amend and without prejudice to presenting them in a civil rights complaint under section 1983. If Petitioner does not seek to challenge the duration of his confinement in a habeas petition but instead seeks to challenge the conditions of his confinement, he must file a new civil rights complaint pursuant to 42 U.S.C. § 1983 which will be given a new case number. Petitioner would then be required to correct the defects in his claims and to comply with the procedural prerequisites for claims made pursuant to section 1983, including those set forth in 28 U.S.C. § 1915.

### *Conclusion*

For all of the reasons outlined above, it is hereby RECOMMENDED that:

1. Respondent's Motion to Dismiss be GRANTED in part and DENIED in part;

2. Grounds One and Two of the Petition be DISMISSED without leave to amend to the extent petitioner alleges a violation of due process based on a liberty interest in avoiding a forfeiture of work time credits; insufficient evidence to support the charge of altering state clothing; and a failure to follow the minimum procedural requirements of due process set forth in *Wolff*, 481 U.S. at 564-567;

3. Ground One of the Petition be DISMISSED with leave to amend to the extent petitioner alleges that he was falsely charged with altering state clothing in retaliation for previous grievances he filed against staff members who acted in concert to prosecute him on the false charge;

/ / /

/ / /

        4.      Ground One of the Petition be DISMISSED with leave to amend and without prejudice to the extent it alleges a violation of due process based on a liberty interest that affects the duration of the sentence and bias or impartiality on the part of the hearing officer who presided over the hearing on the charge of altering state clothing; and

        5.      Grounds One, Three, and Four of the Petition be DISMISSED without leave to amend to the extent they allege that prison officials and the California courts failed to follow or misapplied California law.

        IT IS ORDERED that no later than *__August 17, 2012__* any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

        IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than *__August 31, 2012__*. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

        IT IS SO ORDERED.

Date:    7/26            , 2012


                                                        KAREN S. CRAWFORD
                                                        United States Magistrate Judge