

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR. [CDC No. J-73373],<br><br>         Petitioner,<br>vs.<br>GEORGE E. NEOTTI, Warden,<br>         Respondent. | CASE NO. 11cv1639-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the review of the Report and Recommendation (ECF No. 15) issued by United States Magistrate Judge Karen S. Crawford recommending that Respondent's Motion to Dismiss (ECF No. 7) be granted in part and denied in part.

## BACKGROUND

  Petitioner Ruben Dario Garcia, Jr. is currently serving a prison term of seven and one-half years plus life without the possibility of parole following his conviction in state court of first degree murder, attempted voluntary manslaughter, kidnaping, attempted kidnaping, forcible rape, and two counts of assault. (Lodgment No. 1; ECF No. 15 at 2).

  On November 10, 2009, at a prison disciplinary hearing, Petitioner was found guilty of wearing state-issued pants with "manufactured pockets" in violation of Section 3011 of the California Code of Regulations. (Lodgment No. 2; ECF No. 15 at 2). Petitioner was assessed the following penalties: (1) a forfeiture of thirty days of work time credit; and (2) a fine of $15.55 for the replacement of the damaged pants. *Id.*

On July 19, 2011, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner contends that he was denied due process at the prison disciplinary hearing on the grounds that: (1) he was "arbitrarily adjudicat[ed]" for altering state clothing and was forced to forfeit thirty days of work time credit after he was denied a fair and impartial disciplinary hearing; (2) the evidence to support the finding that Petitioner altered the state clothing was insufficient; (3) the decision to impose a forfeiture of thirty days of work time credits and a fine of $15.55 was arbitrary and unlawful; and (4) the California courts applied California law in an arbitrary and unlawful manner when they upheld the hearing officer's decision. (ECF No. 1 at 6-16).

On October 25, 2011, Respondent Neotti filed a Motion to Dismiss the Petition contending that Petitioner failed to state a federal claim. (ECF No. 7). On November 16, 2011, Petitioner filed an opposition. (ECF No. 9).

On July 27, 2012, the Magistrate Judge issued the Report and Recommendation recommending that Respondent's Motion to Dismiss be granted in part and denied in part (ECF. No. 15 at 6). The Magistrate Judge recommended that:

> ... 2. Grounds One and Two of the Petition be DISMISSED without leave to amend to the extent petitioner alleges a violation of due process based on a liberty interest in avoiding a forfeiture of work time credits; insufficient evidence to support the charge of altering state clothing; and a failure to follow the minimum procedural requirements of due process set forth in *Wolff*, 481 U.S. at 564-567;
>
> 3. Ground One of the Petition be DISMISSED with leave to amend to the extent petitioner alleges that he was falsely charged with altering state clothing in retaliation for previous grievances he filed against staff members who acted in concert to prosecute him on the false charge;
>
> 4. Ground One of the Petition be DISMISSED with leave to amend and without prejudice to the extent it alleges a violation of due process based on a liberty interest that affects the duration of the sentence and bias or impartiality on the part of the hearing officer who presided over the hearing on the charge of altering state clothing; and
>
> 5. Grounds One, Three, and Four of the Petition be DISMISSED without leave to amend to the extent they allege that prison officials and the California courts failed to follow or misapplied California law.

(*Id.* at 12-13).

The Magistrate Judge stated: "no later than ***August 17, 2012*** any party to this action

may file written objections with the Court and serve a copy on all parties ... [A]ny reply to the objections shall be filed with the Court and served on all parties no later than ***August 31, 2012***." *Id.* at 13. Neither party has filed objections to the Report and Recommendation.

## DISCUSSION

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

In this case, neither party objected to the Magistrate Judge's Report and Recommendation. This Court has reviewed the Report and Recommendation in its entirety. The Magistrate Judge correctly found that federal habeas jurisdiction is not established by the allegations in the Petition. The Magistrate Judge correctly concluded that Petitioner "failed to allege a cognizable claim ... under section 1983" in each of his four grounds for relief and that the Motion to Dismiss should be granted. (ECF No. 15 at 6).

## CONCLUSION

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation (ECF No. 15) is adopted in its entirety. Respondent's Motion to Dismiss (ECF No. 7) is GRANTED. It is further ordered that the Petition is DISMISSED with leave to amend Ground One, to "the extent it alleges a violation of due process based on a liberty interest that affects the duration of the sentence." (ECF No. 15 at 13). The remainder of the Petition is DISMISSED without leave to amend. No later than sixty (60) days from the date this Order is filed, Petitioner may file an amended petition. If no amended petition is filed, the Court will

- 3 -                                                                                              11cv1639-WQH-KSC

direct the Clerk of Court to close this case and enter judgment in favor of Respondent.

DATED: 9/20/12

WILLIAM Q. HAYES
United States District Judge