FILED

13 AUG 14 AM 9:58

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., <br><br> Plaintiff, <br> vs. <br><br> GEORGE E. NEOTTI, Warden, <br><br> Defendant. | CASE NO. 11cv1639-WQH(KSC) <br><br> REPORT AND RECOMMENDATION RE MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS <br><br> [Doc. No. 21] |

Petitioner Ruben Dario Garcia, Jr., a state prisoner proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus ("First Amended Petition") pursuant to Title 28, United States Code, Section 2254. Before the Court is defendants' Motion to Dismiss the First Amended Petition for failure to allege a violation of due process that is based on a liberty interest and that is sufficient to establish federal subject matter jurisdiction.

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. Based on the moving and opposing papers, and for the reasons outlined below, this Court recommends that the First Amended Petition be DISMISSED.

///

## *Procedural History*

In 1995, petitioner was convicted of first degree murder, attempted voluntary manslaughter, kidnaping, attempted kidnaping, forcible rape, and two counts of assault. He is serving a sentence in state prison of seven and one-half years plus life without the possibility of parole. [Doc. No. 7-1, Lodgment No. 1, Abstract of Judgment; Doc. No. 19, Am. Pet'n, at pp. 3-4.]

On October 26, 2009, petitioner was charged with violating the California Code of Regulations, because he was seen by a correctional officer wearing state-issued pants with "manufactured pockets." [Doc. No. 7-1, Lodgment No. 2; Doc. No. 19, Am. Pet'n, at p. 8.] On November 10, 2009, petitioner was found guilty of the charge. [Doc. No. 7-1, Lodgment No. 2; Doc. No. 19, Am. Pet'n, at p. 9.] As a result, he was assessed with the following: (1) a forfeiture of 30 days of work time credit; and (2) a fine of $15.55 for the replacement of the damaged pants. [Doc. No. 7-1, Lodgment No. 2; Doc. No. 19, Ex. 7 to Am. Pet'n, at p. 74-75.] Petitioner administratively appealed the decision through the director's level. [Doc. No. 19, Ex. 7 to Am. Pet'n, at pp. 69-70.] He then filed petitions for writ of habeas corpus at all three levels of the California courts arguing his right to due process was violated in the prison disciplinary process. [Doc. No. 7-1, Lodgment Nos. 3-8.] All of these state habeas petitions were denied. *Id.* A Petition was then filed in this Court on July 19, 2011 raising the same due process claims alleged in the state court habeas petitions.

On July 27, 2012, this Court submitted a Report and Recommendation concluding that the allegations in the Petition failed to establish a basis for federal habeas jurisdiction, because they did not attack the legality or duration of petitioner's sentence of life without the possibility of parole. [Doc. No. 15, at pp. 3-6.] As a result, it appeared that petitioner's claims should be raised, if at all, in a civil rights complaint under Title 42, United States Code, Section 1983. [Doc. No. 15, at p. 5.] However, this Court also concluded petitioner had not alleged a cognizable claim for relief under Section 1983, because the facts included in the Petition were not enough to state a

claim for a violation of petitioner's federal constitutional right to due process. This Court therefore recommended that most of petitioner's due process claims be dismissed without leave to amend. However, leave to amend was recommended to allow petitioner an opportunity to correct the defects in his retaliation and bias claims and to either establish federal habeas jurisdiction or file a separate civil rights complaint. [Doc. No. 15, at pp. 6-13.] In an Order filed September 11, 2012, the District Court adopted the Report and Recommendation in its entirety. [Doc. No. 18.]

Petitioner then filed a First Amended Petition for Writ of Habeas Corpus. [Doc. No. 19.] Thereafter, respondent filed a Motion to Dismiss the First Amended Petition and petitioner filed a Response in Opposition thereto. [Doc. Nos. 21, 22.]

## *Discussion*

### *Motion to Dismiss Standards*

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Rule 8, Rules Governing Section 2254 Cases, advisory committee's note. Rule 12 of the Rules Governing 2254 Cases states that: "The Federal Rules of Civil Procedure . . . may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than its

substantive merits, "a court may [typically] look only at the face of the [pleading] to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff appears in pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In giving liberal interpretation to a pro se civil rights pleading, however, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir.1984).

### ***Habeas Corpus Jurisdiction***

Respondent contends that the First Amended Petition should be dismissed because petitioner's allegations fail to allege a constitutional due process violation based on a liberty interest that either affects the duration of petitioner's sentence or that imposes changes in his prison conditions so severe as to affect the sentence imposed in an unexpected manner. In petitioner's Opposition and First Amended Petition, he argues that his due process claims are cognizable on federal habeas review because the guilty finding on the disciplinary charge of altering state clothing will affect the duration of his sentence in that it would be considered to determine whether to commute or modify his sentence to include the possibility of parole. However, as outlined in this Court's prior Report and Recommendation, petitioner's argument about the potential impact of the disciplinary proceeding on his sentence is too speculative to establish federal habeas corpus jurisdiction. [Doc. No. 15, at pp. 3-5.]

- 4 -

11cv1639-WQH(KSC)

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). A petition for writ of habeas corpus is the "exclusive remedy" when a state prisoner challenges the fact or duration of confinement and seeks an immediate or speedier release from that confinement, even if the claim also falls within "the literal terms" of section 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 488-500. "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Some speculative impact of a disciplinary proceeding on any future parole considerations is not enough to justify habeas corpus relief. In *Ramirez*, 334 F.3d at 858, the Ninth Circuit clarified that habeas corpus jurisdiction is not always available to obtain expungement of a prison disciplinary record. "Instead, a writ of habeas corpus is proper only where expungement is '*likely* to accelerate the prisoner's eligibility for parole.'" *Id.*

In *Ramirez*, 334 F.3d at 853, for example, the prisoner was found guilty of battery with serious bodily injury on another inmate and sentenced to ten days of disciplinary detention. He also lost privileges for sixty days and was referred to administrative segregation for twenty-four months. *Id.* The prisoner did not claim he lost conduct credits which, if restored, could accelerate his release on parole. The Ninth Circuit concluded the prisoner's challenge to the disciplinary action was cognizable under section 1983, but federal habeas review was not available under the circumstances. According to the Ninth Circuit, there was nothing to indicate success on the merits would shorten the length of the prisoner's confinement. Nor was there anything to indicate success on the merits would necessarily advance the prisoner's parole date, because the parole board would still have the authority to deny parole on other grounds. *Id.* at 858-859.

Based on *Ramirez*, 334 F.3d at 853-859, petitioner cannot state a cognizable claim for federal habeas review by amending his First Amended Petition to allege there is some possibility the Governor of the State of California could commute his sentence to one with the possibility of parole. First, petitioner would merely be speculating as to the likelihood the Governor would modify his sentence to allow for the possibility of parole. Second, petitioner would also be speculating that expungement of the disciplinary conviction would advance his parole date. Such a modification to petitioner's sentence would only allow for the "possibility" of parole. As a result, expungement of the disciplinary conviction would not necessarily advance petitioner's parole date, because parole could still be denied for any number of other reasons. Therefore, based on the record before us, federal habeas jurisdiction is not established by the allegations set forth in the First Amended Petition. As a result, petitioner's claims should be raised, if at all, in a separate complaint under section 1983.[1] However, for the reasons outlined below, petitioner has also failed to allege a cognizable claim for relief under section 1983, because the facts alleged in the First Amended Petition are not enough to state a claim for a violation of his federal constitutional rights.

### *Due Process and Bias Allegations*

In the Order filed September 11, 2012 adopting this Court's Report and Recommendation, the District Court dismissed the following claims with prejudice and without leave to amend: (1) any due process claim based on a liberty interest and prison officials' alleged failure to follow the minimum procedural requirements set forth in *Wolff*, 482 U.S. at 564-567, during the disciplinary proceeding in which petitioner was charged with altering state clothing; (2) any due process claim challenging the sufficiency of the evidence to support the guilty finding on the charge of altering state clothing; and (3) any due process claim alleging that prison officials

---

[1] State prisoners who file civil rights actions under Title 42, United States Code, Section 1983, must meet certain procedural requirements, including the payment of a filing fee. 28 U.S.C. § 1915.

and the California courts failed to follow or misapplied California law. [Doc. No. 18; Doc. No. 15, at pp. 12-13.] The First Amended Petition re-alleges all of these due process claims without any substantive changes. For example, the First Amended Petition re-alleges that the charge of altering state clothing was unsubstantiated and was contrary to state law and regulations. [Doc. No. 19, Am. Pet'n, at p. 11.] Because these allegations were previously dismissed without leave to amend [Doc. Nos. 15 and 18], this Court will not address them again in this Report and Recommendation.

With respect to his due process claim that the hearing officer who adjudicated the charge of altering state clothing was biased, the District Court granted petitioner leave to amend so that he could correct the defects in his claim and either file an amended petition establishing federal habeas jurisdiction or a civil rights complaint under Section 1983. However, the First Amended Petition essentially repeats the same allegations of bias and impartiality that were alleged in the original Petition. The First Amended Petition alleges bias or impartiality on the part of defendant Merchant in his role as the "only fact finder" in the disciplinary proceeding that charged petitioner with altering state issued clothing. [Doc. No. 19, Am. Pet'n, at p. 9.]

Once again, petitioner alleges in the First Amended Petition that defendant Merchant inappropriately used his position as senior hearing officer to assign himself the responsibility of adjudicating the disciplinary charge against petitioner for altering state issued clothing. Petitioner believes it was improper for defendant Merchant to adjudicate this charge, because petitioner named him as a respondent in a grievance involving his retention in the Administrative Segregation Unit (ASU) and also intended to name him as a defendant in a civil rights action. Petitioner also believes it was improper for defendant Merchant to adjudicate this charge because of his involvement in other grievances filed by petitioner. [Doc. 19, Am. Pet'n, at p. 9.]

As outlined in this Court's prior Report and Recommendation [Doc. No. 15, at p. 7], the Due Process Clause of the Fourteenth Amendment of the United States Constitution provides that no state shall deprive a person of life, liberty, or property

without due process of law. Due process rights of prisoners in state institutions "may be diminished by the needs and exigencies of the institutional environment." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. However, where inmates have a statutory right to credits against their sentence for good behavior, the loss of such credits does affect a liberty interest protected by the due process clause. *Id.* at 557. A prisoner has a liberty interest in good time credits, because "the loss of such credits threatens his prospective freedom from confinement by extending the length of imprisonment." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454. Under these circumstances, the minimum requirements of procedural due process must be satisfied. *Wolff*, 418 U.S. at 557. Due process also protects prisoners from changes in prison conditions that are so severe that they impose "atypical and significant hardship on the inmate in relation to the ordinary incidents if prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In petitioner's case, it is not clear whether he has a constitutionally protected liberty interest under the due process clause based on the circumstances alleged, because there is nothing to indicate that the loss of work credits in the challenged disciplinary proceeding could have had any effect on the length of his imprisonment. Petitioner would still be serving a sentence of life in prison without the possibility of parole even if he successfully challenged the results of the disciplinary proceeding. Nor are petitioner's allegations enough to state a due process claim under *Sandin*, because he has not alleged facts which could establish that the discipline imposed against him was so severe that it resulted in an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* In fact, petitioner has not alleged any facts indicating how the conditions of his confinement were affected by the results of the disciplinary proceeding.

///

The Supreme Court in *Wolff v. McDonnell* held that the decision maker in a prison disciplinary proceeding must be "sufficiently impartial" to satisfy the Due Process Clause. *Id.* at 571. However, mere allegations of bias or impartiality are not enough to state a claim. Hearing officers are entitled to a presumption of honesty and integrity. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). A hearing officer is not biased simply because he presided over a prisoner's previous disciplinary proceeding. *Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir. 2002). Hearing officers are not biased or prejudiced ". . . as a result of what they learned in earlier proceedings. It is long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Liteky v. United States*, 510 U.S. 540, 551 (1994). In addition, unfavorable or adverse rulings alone almost never constitute a valid basis for a finding of bias or impartiality. *Id.* at 555.

Prison staff members can serve as impartial hearing officer as long as they do not prejudge the evidence, rely on evidence they have not seen, or have prior, prejudicial involvement with the underlying factual events of the case. *Pannell v. McBride*, 306 F.3d 499, (7th Cir. 2002); *Patterson v. Coughlin*, 950 F.2d 564, 569-570 (2d Cir. 1990). Contrary to petitioner's apparent belief, prison staff members cannot be disqualified from adjudicating a disciplinary matter solely based on the fact that they have been or will be defendants in an unrelated civil suit brought by the inmate appearing before them. *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983). "From a practical standpoint, requiring each staff member who is the subject of a separate lawsuit to disqualify himself from sitting in judgment of that inmate would heavily tax the working capacity of the prison staff. Additionally, prisoners may file many lawsuits naming multiple defendants. If every named defendant in a prisoners' rights lawsuit must be disqualified from [participating in a disciplinary proceeding], such a litigation strategy would vest too much control in a prisoner to determine [who can adjudicate disciplinary matters]." *Id.*

/ / /

Here, the allegations of bias and impartiality on the part of defendant Merchant are ambiguous and appear to be based solely on his alleged involvement in other grievances, disciplinary actions, or civil rights complaints in which petitioner was a party. Petitioner has not alleged any facts that even suggest that petitioner could have been prejudiced in the challenged disciplinary proceeding by defendant Merchant's involvement in other proceedings. Thus, petitioner has failed to state facts that point to a real possibility of a constitutional error based on bias or impartiality of the hearing officer. As a result, petitioner would be unable to state a viable claim for relief under Section 1983. It is therefore RECOMMENDED that the District Court dismiss with prejudice petitioner's due process claim alleging bias or impartiality on the part defendant Merchant as the hearing officer in the disciplinary proceeding that resulted in a finding that petitioner was guilty of altering stated issued clothing.

### *Retaliation Allegations*

As in the original Petition, petitioner alleges in the First Amended Petition that defendants conspired to use the prison disciplinary process and the administrative segregation procedures to retaliate against him for past grievances he filed against staff members for "serious acts of misconduct." Petitioner believes that defendants retaliated against him by filing false disciplinary charges alleging that he altered state issued clothing. In support of this allegation, petitioner submitted copies of a number of past grievances he has filed. Petitioner believes the charges are "false" because he was only seen wearing altered clothing, and there is no direct evidence indicating he was the one who actually made the alterations. [Doc. No. 19, at p. 8-10.] In the District Court's Order of September 11, 2012 adopting this Court's Report and Recommendation, petitioner's retaliation allegations were dismissed with leave to amend. In the First Amended Petition, petitioner has not made any substantive changes to his retaliation allegations.

To state a viable claim of retaliation under the First Amendment, an inmate must allege that a state actor took some adverse action against the inmate because of the

prisoner's protected conduct, that such action chilled the inmate's exercise of his First Amendment rights, and that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–568 (9th Cir. 2005). The plaintiff bears the burden of pleading and proving the absence of a legitimate correctional goal. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir.1995).

Once again, plaintiff's retaliation allegations are vague and conclusory, and do not plead one or more of the elements required to state a tenable retaliation claim against any specific defendant. For example, plaintiff alleges in conclusory fashion that defendant Merchant's decision to impose a forfeiture of 30 days of work time credits was "arbitrary" and was without "cause or legitimate penalogical interest." [Doc. No. 19, 1st Am. Pet'n, at pp. 11-12.] Without more, it is apparent that prison officials have a legitimate correctional interest in taking disciplinary action to address state-issued pants with manufactured pockets which could be used to conceal weapons or other contraband. Petitioner's retaliation claim is also dependent on his allegation that he was falsely charged. However, petitioner does not deny that he was wearing state-issued pants with manufactured pockets. He merely challenges the sufficiency of the evidence to indicate he was the one who altered the pants. However, as outlined more fully in this Court's prior Report and Recommendation, there is "some evidence" in the record to support the guilty finding on the charge. Because petitioner was seen wearing the altered pants, the hearing officer could reasonably infer petitioner was the one who made the alterations. [Doc. No. 15, at pp. 9-10.]

Based on the foregoing, the circumstances do not suggest that any action by prison officials chilled petitioner's First Amendment rights or that petitioner was "falsely" charged for retaliatory reasons. Nor is there anything to suggest the action taken by members of the prison staff failed to reasonably advance a legitimate correctional goal. As a result, petitioner would be unable to state a viable claim for relief under Section 1983. It is therefore RECOMMENDED that the District Court dismiss with prejudice petitioner's claim that defendants conspired to falsely charge

him with altering state clothing in order to retaliate against him for past grievances he filed against prison staff members.

### *Leave to Amend*

"[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir.1971). Rule 15 states that: "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

Despite this Court's prior Report and Recommendation detailing the defects in petitioner's claims, the allegations in the First Amended Petition essentially mirror those made in the original Petition. As a result, there is nothing to indicate petitioner could amend his claims to establish federal habeas corpus jurisdiction or to allege tenable claims in a Section 1983 civil rights complaint. Therefore, it is RECOMMENDED that the First Amended Petition be dismissed in its entirety with prejudice and without leave to amend.

### *Conclusion*

For all of the reasons outlined above, it is hereby RECOMMENDED that:

1. Respondent's Motion to Dismiss the First Amended Petition be GRANTED; and

2. Petitioner's First Amended Petition be DISMISSED in its entirety with prejudice and without leave to amend.

IT IS ORDERED that ***no later than August 30, 2013*** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties ***no later than September 6, 2013***. The parties are

/ / /

/ / /

/ / /

- 12 -

11cv1639-WQH(KSC)

1 | advised that failure to file objections within the specified time may waive the right to
2 | raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153
3 | (9th Cir.1991).
4 |     IT IS SO ORDERED.
5 | Date: ___Aug. 13___, 2013

KAREN S. CRAWFORD
United States Magistrate Judge