# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | CASE NO. 11cv1639-WQH-KSC |
| Petitioner, | |
| vs. | **ORDER** |
| GEORGE E. NEOTTI, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 23) issued by United States Magistrate Judge Karen S. Crawford recommending that the Court grant Respondent's Motion to Dismiss (ECF No. 21) and dismiss the First Amended Petition for Writ of Habeas Corpus (ECF No. 19) with prejudice.

## BACKGROUND

Petitioner Ruben Dario Garcia, Jr. is currently serving a prison term of seven and one-half years plus life without the possibility of parole for state court convictions of first degree murder, attempted voluntary manslaughter, kidnaping, attempted kidnaping, forcible rape, and two counts of assault. (Lodgment No. 1; ECF No. 15 at 2).

On November 10, 2009, at a prison disciplinary hearing, Petitioner was found guilty of wearing state-issued pants with "manufactured pockets" in violation of Section 3011 of the California Code of Regulations. (Lodgment No. 2; ECF No. 15 at 2). Petitioner was assessed the following penalties: (1) a forfeiture of thirty days of work

time credit; and (2) a fine of $15.55 for the replacement of the damaged pants. *Id.*

On July 19, 2011, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging deprivation of due process at the prison disciplinary hearing. (ECF No. 1). On October 25, 2011, Respondent Neotti filed a Motion to Dismiss, contending that Petitioner failed to state a federal claim. (ECF No. 7). On November 16, 2011, Petitioner filed an opposition. (ECF No. 9).

On September 11, 2012, the Court issued an Order adopting a Report and Recommendation issued by the Magistrate Judge. (ECF No. 18). The Order concluded:

> Respondent's Motion to Dismiss (ECF No. 7) is GRANTED. It is further ordered that the Petition is DISMISSED with leave to amend Ground One, to 'the extent it alleges a violation of due process based on a liberty interest that affects the duration of the sentence.' (ECF No. 15 at 13). The remainder of the Petition is DISMISSED without leave to amend. No later than sixty (60) days from the date this Order is filed, Petitioner may file an amended petition.

*Id.* at 3.

On October 18, 2012, Petitioner filed the First Amended Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 19). Petitioner alleges one claim for deprivation of due process on the basis that he was denied a fair prison disciplinary hearing. Petitioner contends that the hearing officer's decision to find him guilty of the prison violation "directly affects the duration of Petitioner's sentence" because the decision could reduce the possibility of the Governor of the State of California commuting his sentence to life with the possibility of parole. *Id.* at 8, 13.

On December 21, 2012, Respondent filed the Motion to Dismiss, contending that the Petition should be dismissed because it "fails to allege a violation of due process based on a liberty interest that affects the duration of Petitioner's sentence." (ECF No. 21 at 4). On January 17, 2013, Petitioner filed an opposition. (ECF No. 22).

On August 14, 2013, the Magistrate Judge issued the Report and Recommendation. (ECF No. 23). The Magistrate Judge recommended that the Court grant the Motion to Dismiss with prejudice because "Petitioner's argument about the

potential impact of the disciplinary proceeding on his sentence is too speculative to establish federal habeas corpus jurisdiction." *Id.* at 4.

On August 29, 2013, Petitioner filed objections. (ECF No. 24).

## STANDARDS OF REVIEW

*Review of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)*

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

*Review of the Petition pursuant to 28 U.S.C. § 2254(d)*

In this case, review of the Petition is governed by the framework of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because the Petition was filed in 2010, well after the Act's effective date. *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003). As amended by AEDPA, 28 U.S.C. § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## DISCUSSION

Petitioner objects to each legal conclusion in the Report and Recommendation. *See* ECF No. 24 at 8. The Court has reviewed those objections.

The Magistrate Judge correctly stated: "Some speculative impact of a disciplinary proceeding on any future parole considerations is not enough to justify habeas corpus relief.... '[A] writ of habeas corpus is proper only where expungement is likely to accelerate the prisoner's eligibility for parole.'" (ECF No. 23 at 5 (quoting *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003))). The Magistrate Judge correctly found that the existence of "some possibility the Governor of the State of California could commute [Petitioner's] sentence to one with the possibility of parole" is too speculative for this Court to exercise habeas jurisdiction. *Id.* at 6. The Court adopts the recommendation of the Magistrate Judge to dismiss Petitioner's habeas claim with prejudice.

"[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez*, 334 F.3d at 859. The Due Process Clause of the Fourteenth Amendment of the United States Constitution provides that no state shall deprive a person of life, liberty, or property without due process of law. Due process rights of prisoners in state institutions "may be diminished by the needs and exigencies of the institutional environment." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id*. at 556. However, where inmates have a statutory right to credits against their sentence for good behavior, the loss of such credits does affect a liberty interest protected by the due process clause. *Id*. at 557. A prisoner has a liberty interest in good time credits because "the loss of such credits threatens his prospective freedom from confinement by extending the length of imprisonment." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). Due process also protects prisoners from changes in prison conditions that are so severe that they impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

To the extent Petitioner alleges claims pursuant to § 1983, the Magistrate Judge

correctly found:

> [T]here is nothing to indicate that the loss of work credits in the challenged disciplinary proceeding could have had any effect on the length of his imprisonment. Petitioner would still be serving a sentence of life in prison without the possibility of parole even if he successfully challenged the results of the disciplinary proceeding. Nor are petitioner's allegations enough to state a due process claim under *Sandin*, because he has not alleged facts which could establish that the discipline imposed against him was so severe that it resulted in an 'atypical and significant hardship ... in relation to the ordinary incidents of prison life.' *Sandin*, 515 U.S. at 484. In fact, petitioner has not alleged any facts indicating how the conditions of his confinement were affected by the results of the disciplinary proceeding.

(ECF No. 23 at 8). The Magistrate Judge correctly found: "Petitioner has failed to state facts that point to a real possibility of a constitutional error based on bias or impartiality of the hearing officer." *Id.* at 10. The Magistrate Judge correctly found: "[T]he circumstances do not suggest that any action by prison officials chilled petitioner's First Amendment rights or that petitioner was 'falsely' charged for retaliatory reasons. Nor is there anything to suggest the action taken by members of the prison staff failed to reasonably advance a legitimate correctional goal." *Id.* at 11. The Magistrate Judge correctly concluded that Petitioner has "failed to allege a cognizable claim for relief under section 1983...." *Id.* at 6. The Court adopts the recommendation of the Magistrate Judge to dismiss any § 1983 claims raised by Petitioner. The Court declines to adopt the recommendation that such dismissal be with prejudice. The Court adopts the Report and Recommendation in all other respects.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a § 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the

1  petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S.
2  473, 484-85 (2000). The Court concludes that jurists of reason could not find it
3  debatable whether this Court was correct in denying Petitioner's § 2254 claim. The
4  Court denies a certificate of appealability.

## CONCLUSION

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation (ECF No. 23) is **ADOPTED IN PART**. Respondent's Motion to Dismiss (ECF No. 21) is **GRANTED**. The First Amended Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** as to Petitioner's § 2254 claim, and **DISMISSED WITHOUT PREJUDICE** as to any § 1983 claims. A certificate of appealability is **DENIED**. Should Petitioner seek to amend his claims challenging the conditions of his confinement, Petitioner shall initiate a new action pursuant to 42 U.S.C. § 1983. The Clerk of the Court shall close this case.

DATED: September 10, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge